UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY PUTNAM and<br>BENJAMIN MORROW,<br><br>    Plaintiffs,<br><br>v.<br><br>MONTGOMERY COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br><br>    Defendants. | No. 3:12-cv-00132<br>Judge Trauger |

# **M E M O R A N D U M**

The plaintiffs, inmates at the Montgomery County Jail in Clarksville, Tennessee, bring this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Montgomery County Sheriff's Department and Sheriff Norman Lewis, alleging that their constitutional rights are being violated by the new jail policy regarding legal and personal mail to and from inmates. (Docket No. 1). The only relief sought by the plaintiffs is the elimination of the new mail policy. (*Id.* at p. 5).

**I.    Facts Alleged by the Plaintiffs**

According to the complaint, as of January 1, 2012, the Montgomery County Jail Administration implemented a new policy whereby inmates could no longer purchase envelopes, stamps, and legal pads from the jail commissary. (Docket No. 1 at p. 5). Captain Douglas Tackett, Jail Administrator, cited "security and time" as the reasons for the policy change in the January 10, 2012, edition of the Leaf-Chronicle newspaper. (*Id.*) With this change in policy, the only way inmates can mail written communication outside of the jail is by way of four (4) inch by six (6) inch postcards. (*Id.*) According to the complaint, the inability to purchase envelopes at the commissary

1

limits the amount of written correspondence inmates can have with their family members. (*Id.*) The inability to purchase stamps will prevent inmates from continuing certain religious correspondence courses. (*Id.*)

Regarding inmate legal mail, inmates now must request envelopes and paper for legal purposes. (*Id.*) The inmates must complete the paperwork, address envelopes, and watch as their mail is "scanned," all in the presence of a jail administrator. (*Id.*) The new policy also prohibits inmates from mailing motions to the local courts. (*Id.*) Motions are now "hand carried," and the complaint alleges that this practice "removes any implied legal confidentiality in filing motions." (*Id.*)

Captain Tackett also was quoted in the January 10, 2012, edition of the Leaf-Chronicle newspaper as saying that "a tentative date of March 1, 2012, has been set to limit all incoming mail to legal or postcards only." (*Id.*)

## II. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## III. Section 1983 Standard

The court construes the *pro se* complaint to allege a number of claims under 42 U.S.C. §

1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.   Analysis**

The court has reviewed the complaint and finds that it contains at least one claim which is not facially frivolous, 28 U.S.C. § 1915A. Prisoners enjoy a First Amendment right to send and receive mail and to associate with others. *See Procunier v. Martinez*, 416 U.S. 396, 408–09 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Jones v. North Carolina Prisoners' Labor Union, Inc*., 433 U.S. 119 (1977). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell v. Procunier*, 417 U.S. 817, 822–23 (1974); *see also Jones,* 433 U.S. at 129. In *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Supreme Court held that "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Hines v. South Carolina Dep't of Corrections*, 148 F.3d 353, 358 (4th Cir. 1998). The Sixth Circuit has stated that, "Outgoing mail . . . may be regulated according to regulations or practices that further an important or substantial government interest unrelated to the suppression of expression,"

3

and that extend no further "than is necessary or essential to the protection of the particular government interest involved." *Martucci v. Johnson*, 944 F.2d 291, 295-96 (6th Cir. 1991)(citations omitted).

Here, the analysis of whether the defendants' stated reasons for imposing the new mail restrictions on inmates at the Montgomery County Jail "further an important or substantial government interest unrelated to the suppression of expression" and whether the restrictions extend no further "than is necessary or essential to the protection of the particular government interest involved" is a fact-based inquiry, and one that is not appropriate for the court to undertake at this time. The court finds that the plaintiffs' claims survive the PLRA's required screening of *pro se, in forma pauperis* prisoner complaints as the plaintiffs have stated a colorable claim under the First Amendment.

## V. Conclusion

For the reasons explained above, the court finds that the plaintiffs have stated at least one colorable claim for relief under § 1983. *See* 28 U.S.C. § 1915A(b).

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge

4