# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY PUTNAM and BENJAMIN MORROW, ) ) ) | |
| Plaintiffs, ) ) | No. 3:12-cv-00132 |
| ) | Judge Trauger |
| v. ) ) | |
| MONTGOMERY COUNTY SHERIFF'S ) DEPARTMENT, et al., ) ) | |
| Defendants. ) | |

## O R D E R

The plaintiffs, inmates at the Montgomery County Jail in Clarksville, Tennessee, bring this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). They have submitted individual applications to proceed *in forma pauperis* (Docket Nos. 2 and 14).

It appears from the plaintiffs' applications that neither plaintiff cannot afford to pay the filing fee. Therefore, the court **GRANTS** the plaintiffs' applications, and the Clerk will **FILE** the complaint *in forma pauperis.* 28 U.S.C. §§ 1915(a), (b)(4).

Because there are two plaintiffs in this matter, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999)*; In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Accordingly, each plaintiff is herewith assessed his portion of the three hundred fifty dollars ($350.00) civil filing fee, which is one hundred seventy five dollars ($175.00).

Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of each plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of each plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $175.00 filing fee has been paid in full to the Clerk of Court by both plaintiffs. *Id*.

Because the plaintiffs are prisoners, the court is obliged to conduct a preliminary review of the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. As provided in the accompanying memorandum, the complaint at least one colorable claim: a First Amendment claim related to the new inmate mail policy at the Montgomery County Jail. 28 U.S.C. § 1915A.

Therefore, the Clerk is instructed to send the plaintiffs a service packet (a blank summons and USM 285 form) for each named defendant. The plaintiffs will complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants.

The plaintiffs are forewarned that the failure to return the completed service packets within the time required could jeopardize their prosecution of this action. They are also forewarned that their prosecution of this action will be jeopardized if either plaintiff should fail to keep the Clerk's Office informed of his current address.

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of the Montgomery

County Jail to ensure that the custodian of the plaintiffs' inmate trust fund accounts complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should either plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge for the management of the case, for decisions on all pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, pursuant to Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge