IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY PUTNAM and ) <br> BENJAMIN MORROW ) <br> ) <br> v. ) <br> ) <br> MONTGOMERY COUNTY SHERIFF'S ) <br> DEPARTMENT and NORMAN LEWIS ) | NO. 3:12-0132 |

TO: Honorable Aleta A. Trauger, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 18, 2012 (Docket Entry No. 23), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for the management of the case, for decision on all pretrial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below the Court recommends that this action be dismissed.

## I. BACKGROUND

The action was filed pro se and in forma pauperis on January 31, 2012, by two inmates, Timothy Putnam and Benjamin Morrow, confined at the Montgomery County Jail ("Jail") in Clarksville, Tennessee. The Plaintiffs brought the action under 42 U.S.C. § 1983 against the Montgomery County Sheriff's Department ("Sheriff's Department") and former Montgomery County

Sheriff Norman Lewis ("Lewis")[1] alleging that their constitutional rights had been violated by a new policy at the Jail.

Specifically, the Plaintiffs alleged that, on January 1, 2012, the Jail implemented a new policy which:

1) removed envelopes, stamps, and legal pads from the items inmates could purchase from the Jail commissary;

2) required that 4 inch by 6 inch ("4x6") prestamped postcards, which were purchasable in the commissary, be used by inmates for all outgoing, non-legal mail;

3) required inmates to request envelopes and paper for any outgoing legal mail, which was "scanned" in the presence of a jail administrator prior to being sent out; and

4) required that legal motions to local courts be hand delivered (presumably by jail staff) instead of mailed.

See Complaint (Docket Entry No. 1), at 5.[2] The Plaintiffs contend that the new Jail policy infringed upon their right to communicate with family members and with organizations providing religious correspondence courses and "removes any implied confidentiality in filing motions." Id. The Defendants are sued in only their official capacity and the only relief sought is "the return of stamps, envelopes, and legal pads for purchase [in] the Jail commissary." Id.

Plaintiff Morrow filed motions for class certification (Docket Entry No. 33) and a preliminary injunction (Docket Entry No. 34) that remained pending at the time counsel for the defendants entered

---

[1] On October 15, 2012, counsel for Defendant Lewis filed a suggestion of death upon the record stating that Lewis died on October 14, 2012. See Docket Entry No. 54.

[2] The plaintiffs also allege that a Jail captain told a local newspaper that the Jail was also planning to limit incoming mail to either legal mail or postcards on a tentative date of March 1, 2012. See Complaint, at 5. However, there is nothing in the record indicating that this policy was ever implemented.

an appearance in the action and requested an extension of time to respond to the complaint. Accordingly, the Court directed the Defendants to respond to the two motions at the time their response to the complaint was due. See Docket Entry No. 38.

On August 16, 2012, the Defendants filed their answer and responses to the motions. See Docket Entry Nos. 44-46. In their filings, they indicated that the Jail was returning to its prior mail policies and procedures allowing inmates to purchase envelopes, stamps, and legal pads from the Jail commissary and that the Defendants had begun the process of obtaining these items for the commissary. See Answer (Docket Entry No. 44), at 2. In reply to the Defendants' filings, Plaintiff Morrow filed a motion for summary judgment (filed September 14, 2012; Docket Entry No. 47), and Plaintiff Putnam filed a reply (filed September 25, 2012; Docket Entry No. 48), in which they contended that envelopes, stamps, and legal pads were not available for purchase by inmates at the time they filed their respective motion and reply.

By Order entered October 2, 2012 (Docket Entry No. 49), the Court directed the Defendants to file a supplemental response to the motion for a preliminary injunction which addressed the current status of the availability of envelopes, stamps, and legal pads in the Jail commissary and any other relevant matters. Prior to the Defendants' response, Plaintiff Morrow filed a second motion for a preliminary injunction in which he alleged that, as of October 4, 2012, the previous mail policies had not been implemented and that the only way to send legal mail continued to be through the policy implemented on January 1, 2012. See Docket Entry No. 53.

On October 15, 2012, the Defendants filed their supplemental response (Docket Entry No. 55) and the affidavit of Douglas Tackett, the Chief of Detention for the Sheriff's Department (Docket Entry No. 56). The Defendants assert that paper and stamped envelopes will be available for purchase

3

in the Jail commissary beginning November 1, 2012, that all outgoing and legal mail will be unlimited and picked up daily, and that the Defendants have made reasonable efforts to return to the prior mail policies and procedures. See Docket Entry No. 55, at 2-3. In reply to the supplemental response, Plaintiff Morrow filed a second motion for summary judgment in which he stated that, although standard envelopes, paper, and stamps have been returned, large legal envelopes are not available, that food items for sale in the commissary have been priced higher in what Plaintiff Morrow believes is an "indirect way to punish inmates for seeking relief," and that a judgment in the Plaintiffs' favor should still be entered in order to ensure that the Jail does not return to a policy preventing inmates from purchasing envelopes and paper. See Docket Entry No. 57.

## II. CONCLUSIONS

As an initial matter, the motion for class certification (Docket Entry No. 33) filed by Plaintiff Morrow should be denied. Under Rule 23(a) of the Federal Rules of Civil Procedure, four prerequisites must be satisfied for any class to be certified: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to fairly and adequately protect the interests of the class. Stout v. J.D. Byrider, 228 F.3d 709, 716-17 (6th Cir. 2000), cert. denied, 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001). Without consideration of the first three requirements of Rule 23, the fourth element is clearly not satisfied in the instant case because the Sixth Circuit's established rule is that pro se parties are not proper representatives of a class. See Ziegler v. Michigan, 59 Fed.Appx. 622, 2003 WL 264735 (6th Cir. Feb. 6, 2003); Palasty v. Hawk, 15 Fed.Appx. 197, 2001 WL 857209 (6th

4

Cir. June 20, 2001); Howard v. Dougan, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000); Hammond v. O'Dea, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991). See also Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

Turning to the Plaintiffs' two pending motions for a preliminary injunction (Docket Entry Nos. 34 and 53) and the two pending motions for summary judgment (Docket Entry Nos. 47 and 57), the Court finds that the most recent filings made by the parties indicate that there is no longer an actual controversy in this action and the action has become moot. As such, the case warrants dismissal.[3]

Article III of the United States Constitution mandates that the Court has jurisdiction to hear only actual, ongoing cases or controversies between the parties which can be remedied by the Court. See Lewis v. Continental Bank Corp., 494 U.S. 472, 478 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there," and events occurring during the case may require dismissal of the case as moot. Fialka-Feldman v. Oakland Univ. Bd. of Trustees, 639 F.3d 711, 713 (6th Cir. 2011); Berger v. Cuyahoga Cnty. Bar Ass'n, 983 F.2d 718, 724 (6th Cir. 1993). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Thus, a case becomes moot and outside the Court's jurisdiction if "events occur

---

[3] Irrespective of the mootness of the action, the two motions for summary judgment are not supported by any type of evidentiary material and are not accompanied by a concise statement of undisputed material facts. As such, the motions for summary judgment do not comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.01 of the Local Rules of Court and would warrant dismissal for that reason alone.

during the pendency of a litigation which render the court unable to grant the requested relief." Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986). Because the Court's jurisdiction to hear a case is a fundamental matter, it may be reviewed by the Court sua sponte at any time. See Berger, 983 F.2d at 721.

The instant action falls squarely within the mootness doctrine. The Jail administrators have discontinued the mail policies which were challenged by the Plaintiffs and have returned to the prior policies which permitted inmates to purchase stamps, envelopes and paper through the Jail Commissary. A return to the prior policies is the exact relief requested by the Plaintiffs in the Complaint. The cessation of the challenged policy and the reinstatement of the prior policies at the Jail renders the Plaintiff's case moot because the Court can no longer provide the requested relief. See Cardinal v. Metrish, 564 F.3d 794, 799 (6th Cir. 2009); Ailor v. City of Maynardville, 368 F.3d 587, 596 (6th Cir. 2004); Berger, 983 F.2d at 724; Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986). See also Davidson v. Bureau of Prisons, 2012 WL 5421161, *2-3 (E.D. Ky. Nov. 6, 2012) (prison inmate's injunctive relief action to obtain documents under Freedom of Information Act became moot when the documents were provided) and Tolliver v. Collins, 2012 WL 1537603, *6-7 (S.D. Ohio Apr. 30, 2012) and Jones v. Caruso, 421 Fed.Appx. 550, 551, 2011 WL 1586075, *1 (6th Cir. Apr. 28, 2011) (in both cases, a prison inmate's claim for injunctive relief regarding policy allowing smoking in correctional facility became moot when prison administration implemented a policy banning smoking inside all buildings).

The Plaintiffs appear to recognize this shortcoming and argue that a judgment in their favor should nonetheless be entered because: 1) large legal envelopes are not available for purchase; 2) the price of food items in the commissary have been increased to punish inmates for seeking relief; and

3) there is no assurance that the Jail will not return to a policy preventing inmates from purchasing envelopes and paper to use for mail.

The Constitution does not require that particular envelopes be provided to inmates for use in mailing legal documents. Similarly, the price of other commissary items is also irrelevant to the constitutional issues in this action, and Plaintiff Morrow's allegation of a retaliatory animus is self-serving, conclusory, and totally unsupported by any evidentiary basis.

The Court is likewise unpersuaded by the Plaintiffs' argument that the case should proceed and relief be granted to them because the Jail administration may at some point in the future return to the now discontinued mail policies. There is no basis other than pure speculation upon which to conclude that there is a reasonable expectation that the discontinued policies will be reinstated at the Jail in the future. This is not sufficient to create a need for prospective injunctive relief. See Nelson v. Miller, 570 F.3d 868, 882-83 (7th Cir. 2009). The Court is cognizant of the language in Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 174, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), that a "defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case," and the adoption of this language by the Sixth Circuit in Akers v. McGinnis, 352 F.3d 1030 (6th Cir. 2003). However, both Laidlaw and Akers involved plaintiffs who sought more than just injunctive relief and who sought relief that was still within the power of the Court to grant even after the cessation of the alleged unlawful conduct. As such, the instant case does not fall squarely within the holdings in Laidlaw and Akers. Further, neither case involved the unique complexities of the prison setting. Prison administrators must be entitled to deference in their ability to implement or cease policies related to the operations of the institutions they oversee and good faith should be attributed to their cessation of challenged policies. See Nelson, supra; Sossamon v. Lone Star State

of Texas, 560 F.3d 316, 324-26 (5th Cir. 2009). See also Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908, 917 (11th Cir. 2009) (collecting cases for the proposition that "the Supreme Court has held almost uniformly that voluntary cessation [by a government defendant] moots the claim.").

Finally, when prospective relief is at issue in a case involving the prison setting, such as was requested in this case, the provisions of the Prison Litigation Relief Act ("PLRA") require that prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). In the instant case, no prospective relief is necessary because the alleged violations of the Plaintiffs' federal rights has in fact been corrected by the reinstatement of the prior mail policies at the Jail.

The Court notes that it is also unclear whether Plaintiff Morrow is currently confined at the Jail. On December 14, 2012, the most recent Court mailing to Morrow was returned as undeliverable with the notations "not here," "return to sender, attempted - not known, unable to forward." See Docket Entry No. 61. If Plaintiff Morrow is, in fact, no longer confined at the Jail because he has either been released or permanently transferred to another correctional facility, this fact would likewise render the request for prospective injunctive relief moot as to him. See Cardinal, 564 F.3d at 799; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, the Court recommends that:

1) Plaintiff Morrow's motion for class certification (Docket Entry No. 33) be DENIED;

2) Plaintiff Morrow's motions for a preliminary injunction (Docket Entry No. 34 and 53) be DENIED;

3) Plaintiff Morrow's motions for summary judgment (Docket Entry No. 47 and 57) be DENIED; and

4) this action be DISMISSED as MOOT.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge

---

[4] As noted supra at n.1, a suggestion of death has been filed for Defendant Lewis. Although the Plaintiffs are entitled to move for substitution of the current Montgomery County Sheriff pursuant to Rule 25 of the Federal Rules of Civil Procedure, such a substitution is unnecessary given the Court's recommendation that this action be dismissed.